IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

SAMUEL RICHARDSON, JR.,

    Plaintiff,

v.                                                                                          No. 2: 20-cv-09341-MCA-LDW

JEFFERSON CAPITAL SYSTEMS, LLC,

    Defendant.

**REPLY IN SUPPORT OF DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**

    Defendant, Jefferson Capital Systems, LLC ("JCAP"), files this reply support of its Motion for Judgment on the Pleadings ("the Motion"), which seeks dismissal of the claims asserted by Plaintiff, Samuel Richardson, Jr.

### I. LAW AND ARGUMENT

    This case arises out of JCAP's efforts to collect a debt ("the Debt") owed by Plaintiff to the company. In the Complaint, Plaintiff asserts JCAP violated two New Jersey statutes—the Professional Service Corporation Act ("The Professionals Act") and the Debt Adjustment and Counseling Act ("the Adjusters Act") because it did not have a license from the State of New Jersey to act as a "debt adjuster." Plaintiff also asserts JCAP violated the Fair Debt Collection Practices Act ("FDCPA") in three ways: first, by allegedly identifying itself as both the "creditor" of the debt and a "debt collector"—Plaintiff argues the terms are mutually exclusive; second, by asking him for information to aid its investigation of his dispute of the Debt; and third, by sending him a letter after he asked not to be contacted about the Debt.

1

As explained in the Motion, Plaintiff's claims fail according to the allegations in the Complaint and the documents attached thereto. Plaintiff's purported claim under the Professionals Act fails because the statue does not require companies to maintain a license. *See* Motion at § III(A). And his claim under the Adjusters Act fails because JCAP was *not* acting as an *intermediary* between Plaintiff and his creditor, which is what "debt adjusters" do. *Id.* The Complaint acknowledges JCAP is the creditor of the Debt and was attempting to collect the Debt *from* Plaintiff—*not* acting on his behalf—and Plaintiff does *not* allege he paid JCAP anything for the "service" of trying to collect the Debt from him. *Id.*

Plaintiff's first FDCPA claim fails because, a debt purchaser, like JCAP, qualifies as both the "creditor" of the debt, i.e., the person "to whom the debt is owed," and a "debt collector," i.e., a company whose principal purpose is to collect debts and which uses the mails to collect debts, for purposes of the FDCPA. *See* Motion at § III(B) (citing *Barbato v. Greystone All., LLC*, 916 F.3d 260, 266 (3d Cir. 2019)). Plaintiff's second claim fails because simply *asking* a consumer for information to aid its investigation of the consumer's dispute does not rise to the level of "abuse or harassment" under the FDCPA. *Id.* Plaintiff's third claim fails because the letter JCAP sent Plaintiff after he asked JCAP not to contact him simply acknowledged his request and said JCAP would take no further action to collect the debt, which the FDCPA expressly permits. *Id.*

In opposition, Plaintiff parrots his arguments for why the Adjusters Act applies to JCAP and argues JCAP violated the FDCPA by not having a license to act as a "debt adjuster." As for his first FDCPA claim, Plaintiff doubles down and argues a company cannot qualify as a "creditor" and a "debt collector" under the FDCPA. As for his second

2

FDCPA claim, Plaintiff asserts that by asking for information to aid its investigation of his dispute, JCAP somehow violated New Jersey court rules requiring litigants to redact personal identifiers. And as for his third FDCPA claim, Plaintiff asserts that even if JCAP was allowed to send the letter informing him it was terminating efforts to collect the Debt, JCAP allegedly needed his consent to contact him about the Debt as an initial matter.

As explained below, Plaintiff's arguments in opposition are meritless and do not justify the Court denying JCAP's Motion to Dismiss.[1]

### A. JCAP Is Not A "Debt Adjuster" And Did Not Need A License As Such Because It Was Attempting To Collect The Debt From Plaintiff As The Creditor Of The Debt; Regardless, Alleged Violations Of State Licensure Laws Do Not Give Rise To An FDCPA Claim

In the Complaint, Plaintiff alleges JCAP was acting as a "debt adjuster" by sending him a letter that offered to resolve the Debt for a reduced amount. Plaintiff asserts JCAP violated the Adjusters Act because it did not have a license to act as a "debt adjuster." JCAP's Motion explains Plaintiff's theory fails because, as the Complaint acknowledges, JCAP was attempting to collect the Debt *from* Plaintiff as the creditor of the Debt—*not* acting as an *intermediary* between him and the creditor and on his behalf—and Plaintiff does *not* allege he paid JCAP anything for the "service" of trying to collect the Debt from him. *Id*.

---

[1] The bulk of Plaintiff's 63-page opposition relates to issues not implicated by JCAP's Motion, e.g., Plaintiff's standing, the admissibility of the documents attached to Plaintiff's Complaint, JCAP's potential bona fide error defense under the FDCPA, the arbitrability of this case, etc. Because these issues are not relevant to the Motion, JCAP does not address them in this Reply. However, if the Court determines one of these issues is relevant to its decision, JCAP respectfully requests it be permitted to brief the issue.

Plaintiff's opposition does not raise any new issues regarding whether the Adjusters Act applies to JCAP. Instead, Plaintiff argues JCAP violated the *FDCPA* because it did not have a license to act as a "debt adjuster." Plaintiff is wrong.

First, and again, JCAP is not a "debt adjuster" and did not need a license to act as one. Second, even if JCAP needed a license, Plaintiff's FDCPA claim would fail. A violation of state law gives rise to an FDCPA claim only if the violation qualifies as "abusive, deceptive, or harassing" for purposes of the FDCPA. *See Richardson v. NES Georgia Inc-TRM*, 2019 WL 1379885, *4 (D.N.J. Mar. 27, 2019). This Court has already concluded—ironically, in a case filed by Plaintiff—that a violation of state licensure requirements does not give rise to an FDCPA claim. *Id.* (concluding the defendant's attempting to collect a debt without first obtaining a New Jersey debt collector license and/or posting the required bond did not give rise to a claim under the FDCPA).

Plaintiff's purported licensure claims fail and should be dismissed.

### B. JCAP Qualifies As A "Creditor" And A "Debt Collector" For Purposes Of The FDCPA Based On The Allegations In The Complaint

The letters Plaintiff complains of, which are attached to the Complaint, identify JCAP as the "creditor" of the Debt and include the disclosures required of "debt collectors" under the FDCPA. Plaintiff asserts the terms "creditor" and "debt collector" are mutually exclusive and that JCAP violated the FDCPA by using both terms in its letters.

As explained in the Motion, Plaintiff's theory is meritless. The Third Circuit has concluded that, or purposes of the FDCPA, a company that purchases a debt qualifies as the "creditor" of the debt, and if the company's principal purposes is the collection of debts,

and it uses the mails as part of its collection efforts, the company also qualifies as a "debt collector." *Barbato*, 916 F.3d at 266.  See also *Tepper v. Amos Fin., LLC*, 898 F.3d 364, 371 (3d Cir. 2018) (noting "an entity may satisfy the [FDCPA's] statutory definition of 'creditor' and yet be a 'debt collector.'").

And according to the allegations in the Complaint and the documents attached thereto, JCAP qualifies as both the "creditor" of the Debt and a "debt collector" here.  The Complaint alleges—and the opposition repeatedly states—that JCAP is a debt purchaser and that it purchased the Debt here from the original creditor, Verizon.[2]  Further, the Complaint alleges—and the opposition acknowledges—that the principal purpose of JCAP's business is the collection of debts and that it uses the mails in doing so.[3]  Indeed, this entire case is about JCAP's using the mails to collect the Debt from Plaintiff.

In opposition, Plaintiff cites to numerous cases purporting to show a company cannot qualify as both the "creditor" of the debt and a "debt collector" for purposes of the FDCPA.  These cases do not apply here because they are out-of-circuit and/or were decided *before* the Third Circuit rejected Plaintiff's theory.  The Third Circuit's decisions in *Barbato* and *Tepper* (cited above) mandate that Plaintiff's claim fails and should be dismissed.

### C. Plaintiff's Second Claim Fails Because He Does Not Allege JCAP Publicly Disclosed His Personal Information

---

[2] *See* Opposition at pp. 20 (stating JCAP's "sole business activity is purchasing and then attempting to collect debts"); 22 (confirming Plaintiff alleges JCAP purchased and attempted to collect the Debt); 23 (confirming JCAP purchased the Debt); 27 (noting JCAP purchased the Debt after it was in default); 33 (same).
[3] *See* Opposition at pp. 31, 32, 33.

In the Complaint, Plaintiff alleges he disputed the Debt with JCAP and asserts JCAP violated the FDCPA by sending him a letter asking him for information to aid its investigation of the dispute, e.g., the reason for the dispute, his social security number, whether he was alleging identity theft, etc. As explained in the Motion, Plaintiff's claim fails because simply *asking* a consumer for information to aid its investigation is not "abusive, deceptive, or unfair" for purposes of the FDCPA. *See* Motion at § III(B). It is a reasonable means to ensure the consumer's concerns are addressed, and the consumer is free to refuse to provide the requested information (which is what Plaintiff did). *Id.*

Plaintiff's opposition does not address JCAP's arguments as to why asking for information does not violate the FDCPA or the case law supporting JCAP's arguments. Instead, Plaintiff cites to a New Jersey court rule that prohibits a company from publicly *disclosing* an individual's personal information, e.g., his social security number, checking account number, etc. *See* Opposition at pp. 53-55 (citing N.J. Court R. 1:38-7(a), which requires redaction of personal identifiers in court filings and *Qureshi v. OPS 9, LLC*, 2015 WL 6407883, *3 (D.N.J. Oct. 21, 2015), which cast doubt on whether a violation of this rule gave rise to an FDCPA violation).

This rule does not apply here because the Complaint does *not* allege JCAP publicly *disclosed* Plaintiff's personal information to anyone; he alleges JCAP *asked* for the information (and that he refused to give it). Plaintiff's second FDCPA claim fails and should be dismissed.

### D. JCAP Did Not Need Plaintiff's Consent To Contact Him About The Debt

In the Complaint, Plaintiff asserts JCAP violated the FDCPA by sending him a letter

after he asked not to be contacted about the Debt.  As explained in the Motion, Plaintiff's claim fails because the complained-of letter simply said JCAP was honoring his request not to be contacted and would make no more attempts to collect the Debt, which the FDCPA expressly permits.  *See* Motion at § III(B) (citing 15 U.S.C. § 1692c(c)).

In opposition, Plaintiff reverses course and argues JCAP had to have his consent to contact him as an initial matter pursuant to FDCPA § 1692c(a).  Plaintiff is wrong, and his theory is based on an incomplete reading of the provision.  Section 1692c(a) states:

> **(a) Communication with the consumer generally.**  Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt—
>
> (1) at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. In the absence of knowledge of circumstances to the contrary, a debt collector shall assume that the convenient time for communicating with a consumer is after 8 o'clock antemeridian and before 9 o'clock postmeridian, local time at the consumer's location;
>
> (2) if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer; or
>
> (3) at the consumer's place of employment if the debt collector knows or has reason to know that the consumer's employer prohibits the consumer from receiving such communication.

15 U.S.C. § 1692c(a).  Plaintiff's theory that JCAP needed his prior consent to contact completely ignores the three circumstances in which consent is required.  Plaintiff fails to

7

state a claim under § 1692c(a) because the Complaint does *not* allege JCAP contacted Plaintiff at a time or place known to be inconvenient; that Plaintiff was represented by an attorney and/or JCAP knew he was represented, but contacted him anyway; or (3) that JCAP ever contacted Plaintiff at his place of employment, much less did so after he asked JCAP not to.  *See generally* Complaint.

In sum, the FDCPA expressly permitted JCAP to inform Plaintiff it was honoring his do-not-contact request and terminating efforts to collect the Debt, and Plaintiff's theory that JCAP needed his prior consent to contact him as an initial matter is meritless according to the statutory language and the allegations in the Complaint.  Plaintiff's third FDCA claim fails and should be dismissed.

## II. CONCLUSION

For the reasons stated above and in its Motion to Dismiss, the Court should grant the motion and dismiss Plaintiff's claims.

Dated: November 9, 2020                    Respectfully submitted,

*/s/ Aaron R. Easley*
Aaron R. Easley, Esq.
SESSIONS, FISHMAN, NATHAN & ISRAEL
3 Cross Creek Drive
Flemington, NJ 08822
Telephone: (908) 237-1660
Facsimile: (908) 237-1663
Email:  aeasley@sessions.legal
*Counsel for Defendant,*
*Jefferson Capital Systems, LLC*

## CERTIFICATE OF SERVICE

8

I certify that on November 9, 2020, a copy of the foregoing was sent to pro se plaintiff via email, to ceskillz@gmail.com and via U.S. Mail, postage prepaid, to Samuel Richardson, Jr., 279 Roanoke St., Apt. #279, Woodbridge, NJ 07905.

By: _/s/ Aaron R. Easley_
      Aaron R. Easley, Esq.